IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

_____

STEPHANIE V. FIGUEROA, as personal )
representative of the estate of )
MANNY FIGUEROA, deceased, )
)
        Petitioner, )
)
    v. )    No. 10-750V
)    Special Master Christian Moran
Secretary OF HEALTH AND )    ECF
HUMAN SERVICES, )
)
        Respondent. )
_____ )

## RESPONDENT'S MOTION TO DISMISS

On November 1, 2010, Stephanie Vino Figueroa, hereinafter "petitioner" filed a petition

for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 to -

34. ("Vaccine Act" or "Act"), as amended, as the personal representative of the estate of Manny

Figueroa, who is deceased.  The petition alleges that Mr. Figueroa, hereinafter "Manny,"

received a trivalent influenza ("flu") vaccine on approximately October 21, 2008, and suffered

the Miller Fisher variant of Guillain-Barre Syndrome ("GBS') as a result.  Petition ("Pet.") at 1.

The petition further states that Manny suffered from the residual effects or complication of

vaccine-triggered GBS for more than six months.  Pet. at 2, ¶ 6.  The petition seeks

compensation for Manny's vaccine-related injuries.  Finally, the petition states that Manny was

diagnosed with pancreatic cancer in February 2010 and passed away in April 2010. Pet at 3, ¶14.

Respondent moves to dismiss the petition for lack of jurisdiction.  Because Manny

Figueroa died from a cause unrelated to his vaccine injury prior to the filing of the petition,

petitioner is not a proper petitioner under 42 U.S.C. § 300aa-11(b)(1)(A) of the Act.  Therefore,

the court does not have jurisdiction and the petition must be dismissed.

## FACTS

Manny Figueroa, now deceased, received a flu vaccination on or around October 21, 2008.[1]  Pet. at 1.  On November 10, 2008, Manny experienced drooling and facial numbness upon awaking.  Id.  The same day, he was seen in the emergency room at Baptist Hospital of Miami, where he was noted to have weakness and impaired speech, which reportedly began the preceding day.  Pet at 2; Pet. Ex. 1A at 24.  He was admitted to the hospital with a diagnosis of Bell's Palsy and discharged on November 12, 2008, with a prescription for steroids and instructions to follow-up with neurology as an outpatient.  Pet. at 2; Pet. Ex. 1A at 17, 29-31.

Shortly thereafter, Manny experienced double vision and was subsequently hospitalized for a five-day course of intravenous immunoglobulin therapy.  Pet. Ex. 3 at 4,6; Pet. at 2, ¶ 5.  His symptoms included facial paralysis and the absence of deep tendon reflexes and he was diagnosed with the Miller Fischer variant of GBS. Pet. at 2 ¶¶ 5, 7, 9.  The details of Manny's illness and hospitalization are not reflected in the medical record, however, as the records from the hospitalization have not yet been filed.[2]  The medical record does reflect that having shown improvement, Manny underwent speech and physical therapy subsequent to his hospitalization from January through September 2009.  Pet. at 3, ¶¶ 11, 12; Pet. Exs. 5-6.  He also underwent

---

[1]  As was discussed during the December 1, 2010,  initial status conference, petitioner did not file an immunization record with the petition.  Petitioner was directed to file one "as soon as possible" by order dated December 1, 2010.  However, through the medical histories given by petitioner to his treating physicians, the medical record contains references to the vaccination and the month in which it was given.  See e.g. Pet. Ex. 3 at 2, 4, 6.

[2]  Pursuant to Vaccine Rule 4a, respondent requested by letter dated December 7, 2010, that petitioner obtain and prepare to file these and other missing relevant medical records.  However, in the letter, respondent's counsel warned petitioner's counsel that petitioner may not be entitled to an award of attorneys fees and costs if the claim is dismissed due to the court's lack of jurisdiction.

acupuncture treatments for facial paralysis from February to October 2009.  Pet. at 3, ¶13; Pet.

Ex. 7.   According to the petition, Manny was diagnosed with pancreatic cancer in February

2010 and passed away on April 16, 2010.  Pet. at 3 ¶ 14.

## PROCEDURAL HISTORY

The petition was filed by Stephanie Figueroa, Manny's widow and the personal

representative of his estate.  Pet at 1; Pet. Ex. at 9.  The special master convened a status

conference on December 1, 2010, during which the parties discussed the question of whether the

U.S. Court of Federal Claims has jurisdiction over this matter and the petitioner's need to submit

additional records.  See Dec. 1, 2010, Order.  Counsel for respondent argued that because Manny

died of injuries unrelated to his alleged vaccine-related injury before the petition was filed, Mrs.

Figueroa is not a proper petitioner pursuant to the Act and the court lacks jurisdiction over the

claim.  The special master directed respondent to file a motion to dismiss by January 31, 2011.

See Dec. 1, 2010, Order.

## ARGUMENT

I.      THIS COURT LACKS JURISDICTION AND THE PETITION MUST BE DISMISSED

A petition for compensation under the Vaccine Act may only be brought by a persons

who fall into one of three categories: 1) a person who has sustained a vaccine injury; 2) the legal

representative of a person who sustained a vaccine injury if that person is a minor or disabled; or

3) the legal representative of someone who has died as a result of the administration of a covered

vaccine.  42 U.S.C. §300aa-11(b)(1)(A)(emphasis added).  Anyone who wishes to file a petition

for compensation must meet one of these criteria.  See Aileen v. HHS, No. 01-688V, 2004 WL

1047393 (Fed. Cl. Spec. Mstr. Apr. 22, 2004).

The first two categories of eligible individuals apply to petitioners who are alive at the

time of the filing of the petition for compensation.  Buxkemper v. HHS, 32 Fed. Cl. 213, 225

(1994) ("The first section of 42 U.S.C. § 300aa-11(b)(1)(A) applies to living, vaccine-injured

persons, or their legal representatives, versus the second portion of the section, which applies to

the legal representatives of those who have died as a result of the administration of a vaccine").

In this case, petitioner's claim for a vaccine-related injury was filed more than six months after

Manny's death.  Because Manny was deceased at the time the petition was filed, petitioner does

not fall within the first two categories of eligible petitioners.

  The last category applies to "legal representatives of those who have died as a result of

the administration of the vaccine."  Buxkemper, 32 Fed. Cl. at 225.  In addition to lacking a legal

representative, the petition does not present a cognizable claim.  The petition does not claim that

petitioner's death was a result of the administration of the influenza vaccine, nor would the

record support such a contention. The petition in the instant case seeks compensation for vaccine

related injuries resulting from administration of the flu vaccination. Petitions for compensation

for a vaccine related death are distinct from petitions for injury compensation.  See Flannery v.

HHS, No. 99-963V, 2003 WL 1699396 (Fed. Cl. Spec. Mstr. Mar. 14, 2003); Sheehan v. HHS,

19 Cl. Ct. 320 (1990). Therefore, petitioner is not eligible to bring a petition under the third

category either since it is not brought on behalf of an individual who died as the result of the

administration of a covered vaccine.

  Petitioner here does not fit within the categories listed in § 11(b)(1)(A) and therefore is

not a proper petitioner.  See e.g., Sigal v. HHS, 2008 WL 2465790 (Fed. Cl. Spec. Mstr. May 23,

2008) (court lacked jurisdiction and claim dismissed where petitioner failed to meet any of the

categories of section 11(b)(1)(A) at any time during the litigation and was not a proper

petitioner).  The court does not have jurisdiction over petitions filed by improper petitioners.

Cohn v. HHS, No. 90-2611V, 1999 WL 391108 (Fed. Cl. Spec. Mstr. 1999) aff'd, 44 Fed. Cl. 658 (1999); see also Aileen, No. 01-688V, 2004 WL 1047393; Buxkemper, 32 Fed. Cl. at 213.

The Federal Circuit has further made clear that "[a]ll federal courts are courts of limited jurisdiction, and it is the duty of a federal court to examine its jurisdiction over every claim before it assumes jurisdiction over the claim." RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461 (Fed. Cir. 1998)(citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)("It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded.")). The Court may not suspend or defer ruling on a motion to dismiss for lack of jurisdiction, for "where the court has no jurisdiction, it has no power to do anything but strike the case from its docket." Johns-Manville Corp. v. United States, 893 F.2d 324, 327 (Fed. Cir. 1989). See also Dico, Inc. v. United States, 33 Fed. Cl. 1, 4 (1993) (A court lacking jurisdiction "is bound to dismiss as soon as it is aware of the deficiency"); Patton v. United States, 75 F. Supp. 470, 472 (Cl. Ct. 1948) ("unless the facts alleged in a petition filed clearly bring the claim made within the jurisdiction [of the court, the court] . . . cannot consider and adjudicate such claim on its merits").  Thus, as the special master is without jurisdiction over this claim, he is bound to dismiss it.

II.     THE FEDERAL CIRCUIT'S DECISION IN ZATUCHNI DOES NOT SUPPORT
        PETITIONER'S CLAIM

On February 12, 2008, the Court of Appeals for the Federal Circuit issued its decision in Zatuchni v. HHS, 516 F.3d 1312, 1318 (Fed. Cir. 2008), finding that the legal representative of a decedent who suffered a vaccine-related injury and died from vaccine-related causes while her Vaccine Act claim was pending was entitled to recover damages for pain and suffering, lost

wages, and out-of-pocket expenses related to her vaccine-related injury, as well as the statutory

death benefit.  There is no basis in the Federal Circuit's decision in <u>Zatuchni</u> to support a finding

that Mrs. Figueroa, as the personal representative of Manny's estate, is a proper petitioner

eligible to recover compensation under the Vaccine Act.  The majority opinion in <u>Zatuchni</u> is

very narrow in its holding that the legal representative of the estate of an individual who had a

*pending* Vaccine Act claim and whose death resulted from her vaccine-related injury was also

entitled to recover compensation for pain and suffering, lost wages, and unreimbursable

expenses.  <u>See</u> <u>Zatuchini</u>, 516 F.3d at 1318-19.  The majority explicitly stated that it "need not

decide whether § 300aa-11(b)(1)(A) would permit the estate of a person who suffered vaccine-

related injuries but died of a non-vaccine-related cause to *file* a petition for vaccine-related

compensation . . . ." (Emphasis added).  <u>Id.</u> at 1320-21.

      Additionally, the dissenting opinion filed in <u>Zatuchni</u>,[3] which contains dicta[4] in favor of

petitioner's position, cannot be the basis for a finding that petitioner is eligible to recover

compensation under the Vaccine Act.  In fact, the majority explicitly rejected the dissent's

approach which would allow the survival of all vaccine-related injury claims, regardless of

whether a petition was filed before or after the death and regardless of the cause of death, as

being directly in conflict with § 300aa-11(b)(1)(A) of the Act.  Section 300aa-11(b)(1)(A) of the

---

[3] Federal Circuit Judge Dyk issued an opinion "concurring in the result and dissenting from the
majority opinion."  <u>Zatuchni</u>, 516 F.3d at 1324 - 1331.

[4] Dicta is defined as the "[o]pinions of a judge which <u>do not</u> embody the resolution or
determination of the specific case before the court."  Black's Law Dictionary 454 (6th ed. 1990)
(emphasis added).  Dicta is further defined as "[e]xpressions in [a] court's opinion which go
beyond the facts before [the] court and therefore are individual views of [the] author of [the]
opinion and <u>not binding in subsequent cases as legal precedent.</u>  <u>Id.</u> (citations omitted)(emphasis
added).

Act defines who may petition for compensation under the Act and specifically includes the legal representative of any person who *dies as the result of* the administration of a vaccine set forth in the Vaccine Injury Table.

Further, the majority recognized and embraced the notion that not every vaccine-injured individual is eligible to recover under the Act.  The majority noted that the Act contained several "limitations and "trade-offs" that restrict recovery.  Zatuchni, 516 F.3d at 1322.  Specifically identifying the statute of limitations, the filing requirements of § 300aa-11, the single petition rule, the limitations on the number of pre-Act petitioners for which compensation may be awarded, and limits on the amount of compensation that may be paid under certain subsections of § 300aa-15, the majority recognized "that these limitations prevent certain individuals who have undoubtedly suffered as a result of a vaccine from receiving full (or any) compensation is beyond question."  Id.

III.   PETITIONER IS NOT ENTITLED TO AN AWARD FOR ATTORNEY'S FEES AND COSTS.

Reasonable attorney's fees and costs may be awarded by the court regardless of whether or not petitioner is awarded compensation, provided that the court finds that the petition was filed in good faith and had a reasonable basis.  42 U.S.C. § 300aa-15(e)(1).  Attorney's fees, however, can only be awarded where the court has jurisdiction over the petition.  Brice v. HHS, 358 F.3d 865, 869 (Fed. Cir. 2004) ("The Court must have jurisdiction over a petitioner's claim for compensation before it can award attorney's fees.") (citing Martin v. HHS, 62 F.3d 1403, 1406 (Fed. Cir. 1995)).  Since the court lacks jurisdiction over petitioner's claim for compensation in this case, see supra Part I, petitioner may not be awarded attorney's fees and costs.

## CONCLUSION

Based on the foregoing, this claim lacks a proper petitioner under 42 U.S.C. § 300aa-11(b)(1)(A). The court, therefore, has no jurisdiction over the petition. Because the court lacks jurisdiction over this claim, it must be dismissed.

Respectfully submitted,

TONY WEST
Assistant Attorney General

TIMOTHY P. GARREN
Director
Torts Branch, Civil Division

MARK W. ROGERS
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division


  s/ Melonie J. McCall
MELONE J. McCALL
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
(202)616-4098

Date:  January 28, 2011