# In the United States Court of Federal Claims

No. 10-750 V
(Filed November 29, 2011)[1]

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| STEPHANIE VINO FIGUEROA, | * | |
| as personal representative of the | * | |
| estate of MANNY FIGUEROA, | * | |
| deceased, | * | National Childhood Vaccine |
| | * | Injury Act of 1986, 42 U.S.C. |
| *Petitioner*, | * | §§ 300aa-1 to -34 (2006); |
| | * | Standing to Bring Petition; |
| v. | * | Estate of Person Who Died of |
| | * | Causes Unrelated to Vaccine |
| SECRETARY OF HEALTH AND | * | Injury Lacks Standing to Bring |
| HUMAN SERVICES, | * | Suit. |
| | * | |
| *Respondent*. | * | |
| * * * * * * * * * * * * * | * | |

*Michael B. Feiler*, Coral Gables, FL, for petitioner.

*Melonie J. McCall*, United States Department of Justice, with whom were *Tony West*, Assistant Attorney General, *Mark W. Rogers*, Acting Director, *Vincent J. Matanoski*, Acting Deputy Director, *Gabrielle M. Fielding*, Assistant Director, Washington, DC, for respondent.

_____

**OPINION AND ORDER**

_____

[1] This opinion is filed under seal, in accordance with Rule 18(b) of the Vaccine Rules of the United States Court of Federal Claims (Appendix B to the Rules of the United States Court of Federal Claims), and will be re-issued incorporating all redactions appropriate under that rule. The parties have fourteen days within which to propose redactions.

**Bush**, *Judge*.

Ms. Stephanie Vino Figueroa filed a petition for vaccine injury compensation on November 1, 2010.  The alleged vaccine injury, however, was to Manny Figueroa, who died on April 16, 2010 of causes unrelated to his alleged vaccine injury.  The petition was thus brought by Ms. Figueroa as personal representative of the estate of Manny Figueroa for an illness allegedly caused by a vaccine administered to Manny Figueroa.  The special master assigned to this case ruled that Ms. Figueroa did not have standing to bring a petition for vaccine injury compensation in these circumstances.  *Figueroa ex rel. Figueroa v. Sec'y of Health & Human Servs.*, No. 10-750V, 2011 WL 2784586 (Fed. Cl. Spec. Mstr. June 22, 2011).  Petitioner now brings a motion for review of the special master's decision dismissing her suit.  This court affirms the decision of the special master for the reasons discussed below.

## DISCUSSION

Ms. Figueroa seeks compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2006) (the Vaccine Act) for an illness Manny Figueroa suffered during the last two years of his life, although his death was caused by an unrelated cancer.  Whether Ms. Figueroa may bring such a petition is a pure question of law.  Because the Vaccine Act must be interpreted to answer this question, the court reviews the special master's decision *de novo*. *Zatuchni v. Sec'y of Health & Human Servs.*, 516 F.3d 1312, 1315 (Fed. Cir. 2008) (citing 42 U.S.C. § 300aa-12(e)(2)(B) and *Markovich v. Sec'y of Health & Human Servs.*, 477 F.3d 1353, 1355-56 (Fed. Cir. 2007)).

The Vaccine Act permits petitions for vaccine injury compensation to be brought by three categories of persons, and states in relevant part that

> any person who has sustained a vaccine-related injury,
> the legal representative of such person if such person is a
> minor or is disabled, or the legal representative of any
> person who died as the result of the administration of a
> vaccine set forth in the Vaccine Injury Table may . . . file
> a petition for compensation under the Program.

42 U.S.C. § 300aa-11(b)(1)(A).  As an initial matter, this court must refrain from a

*de novo* interpretation of the statutory text if binding precedent has already provided an interpretation of this section of the Vaccine Act. *See Crowley v. United States*, 398 F.3d 1329, 1335 (Fed. Cir. 2005) (rejecting this court's *de novo* interpretation of a statute when precedent provided a binding interpretation of the text). The precedential decision most on point which discusses standing to bring petitions under the Vaccine Act is *Zatuchni*.

There is limited guidance in *Zatuchni* for the question presented by Ms. Figueroa's petition, because the United States Court of Appeals for the Federal Circuit explicitly disavowed deciding this issue of standing:

> We need not decide whether § 300aa-11(b)(1)(A) would permit the estate of a person who suffered vaccine-related injuries but died of a non-vaccine-related cause to file a petition for vaccine-related injury compensation, and thus express no view on that point . . . .

*Zatuchni*, 516 F.3d at 1320-21. Nonetheless, there are at least three statements in *Zatuchni* that bear consideration by this court. First, the panel majority indicated that the statutory text of § 300aa-11(b)(1)(A) reflected a legislative intent to define the boundaries of Vaccine Act litigation according to certain policy choices. *See id.* at 1321 n.10 (noting that "§ 300aa-11(b)(1)(A) is simply one of several trade-offs and limitations in the Program, and we express no view on the policy choices reflected in those provisions"). Second, the panel majority noted that there was an apparent conflict between § 300aa-11(b)(1)(A) and state law or federal common law principles which might permit a tort injury claim to survive the death of the tort victim. *See id.* ("By contrast, it may be noted that the federal common law approach offered by the dissent appears to conflict directly with § 300aa-11(b)(1)(A). The dissent's approach would allow a vaccine-related injury claim to survive in *all* cases – regardless of the cause of death or whether a petition was filed before or after death – and thus would permit a new petition for vaccine-related injury compensation to be filed by the estate of a person who did not die from a vaccine-related cause."). Third, the Federal Circuit stated that the plain language of the Vaccine Act should be followed where it limits access to the remedies available under the Act in this court. *See id.* ("Where compensation is not available under the Program, or is seen by the claimant as unsatisfactory for any reason, however, the Act expressly contemplates that claimants will seek state-law remedies. Thus, faced with a scenario in which compensation is not

available under the Program, the appropriate response is not to expand the scope of the Act in order to 'harmonize' the Act with state law, but rather to follow the unambiguous language of the Act and allow the claimant to proceed to state court.").

There may be some question as to whether these statements in *Zatuchni* were necessary to the resolution of that case, or were *dicta*.  Even if these statements could be considered to be mere *dicta*, the court believes that weight should nonetheless be given the panel's interpretation of § 300aa-11(b)(1)(A) and other limitations set forth in the Vaccine Act.  *See Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1347 (Fed. Cir. 2010) ("As a subordinate federal court, we may not so easily dismiss such statements as dicta but are bound to follow them." (citing *Stone Container Corp. v. United States*, 229 F.3d 1345, 1349-50 (Fed. Cir. 2000))).  Thus, following *Zatuchni*, this court holds that the three categories of petitioners described in § 300aa-11(b)(1)(A) reflect policy choices enshrined in the Act, that this section trumps other laws that might otherwise permit someone to file a Vaccine Act petition, and that this court should not try to expand the scope of the three categories of petitioners set forth in the text of § 300aa-11(b)(1)(A).[2]

The court turns to the standing issue presented by this case and the three categories of petitioners set forth in § 300aa-11(b)(1)(A).  Clearly Ms. Figueroa is not the allegedly injured vaccinee, as required for category one, and Manny Figueroa was neither a minor nor disabled when the petition was filed, as required for category two.  Furthermore, Manny Figueroa did not die of his alleged vaccine injury.  Thus, his estate's personal representative is not "the legal representative of any person who died as the result of the administration of a vaccine set forth in the Vaccine Injury Table," as is required for category three.  Because the petition in this case was not filed by a person who is permitted to do so by the plain language of the Vaccine Act, the petition was appropriately dismissed by the special master.

----

[2]/  Petitioner's reliance on the dissenting opinion in *Zatuchni* is misplaced.  This court is bound by the precedential majority opinion, not the dissenting opinion, especially where, as here, the *Zatuchni* panel has specifically rejected the dissent's view that federal common law should be used to interpret the Vaccine Act.  *See Strickland v. United States*, 423 F.3d 1335, 1338 n.3 (Fed. Cir. 2005) (stating that this "court may not disregard its reviewing court's precedent" (citing *Crowley*, 398 F.3d at 1335)).

4

The court would reach the same conclusion based on the plain meaning of the statute, if *Zatuchni* were considered to be silent as to the meaning of § 300aa-11(b)(1)(A) and Vaccine Act limitations in general.  The statute permits petitions from three categories of persons, and those categories are clearly defined.  Petitioner's recourse to the legislative history of the Vaccine Act is totally unpersuasive.  *See* Pet.'s Mot. at 2-3.  Where the text of the statute is clear, as it is here, petitioner's burden is a heavy one:  "Petitioner is attempting to construe the statute contrary to its plain meaning, and in order to do so, must show clear legislative history supporting its asserted construction."  *Massing v. Sec'y of Dep't of Health & Human Servs.*, 926 F.2d 1133, 1135 (Fed. Cir. 1991) (citing *Johns-Manville Corp. v. United States*, 855 F.2d 1556, 1559 (Fed. Cir. 1988)).  Here, petitioner has cited general commentary concerning the purpose of the Vaccine Act, none of which contradicts the plain meaning of § 300aa-11(b)(1)(A).  Three categories of persons may prosecute Vaccine Act petitions before this court.  This court has no power to amend the statute to permit a fourth category of persons – the representatives of the estates of persons injured by vaccines who died of other causes – to also file Vaccine Act petitions.[3]

The court has considered the other authorities relied upon by petitioner, which are not binding on this court and which do not, in any case, permit a reading of the Vaccine Act that contravenes the plain meaning of the statutory text.  Section 300aa-11(b)(1)(A) limits the categories of persons allowed to bring petitions under the Vaccine Act, and petitioner does not fall into any of the approved categories.  Only Congress can amend the law to permit the relief sought by petitioner, and Congress has not done so.

## CONCLUSION

For the above reasons, the court holds that the special master's dismissal of the petition was in accordance with law.  Accordingly, it is hereby **ORDERED**

---

[3]/  This court has expressed similar interpretations of § 300aa-11(b)(1)(A) in pre-*Zatuchni* opinions.  *See Cohn v. United States*, 44 Fed. Cl. 658, 660 (1999); *Buxkemper v. Sec'y of Dep't of Health & Human Servs.*, 32 Fed. Cl. 213, 225 (1994).  These opinions support the court's view that only three categories of persons may file Vaccine Act petitions, pursuant to the plain meaning of § 300aa-11(b)(1)(A).  The court notes, however, that *Cohn* and *Buxkemper* may stray from the binding statutory interpretation presented in *Zatuchni* on issues not relevant to this case.

that:

(1)     Petitioner's Motion for Review, filed July 21, 2011, is **DENIED**;

(2)     The decision of the special master is **AFFIRMED**;

(3)     The Clerk's office is directed to **ENTER** judgment in accordance with the special master's decision of June 22, 2011; and

(4)     The parties shall separately **FILE** any proposed redactions to this opinion, with the text to be redacted clearly marked out or otherwise indicated in brackets, on or before **December 15, 2011**.


/s/ Lynn J. Bush
LYNN J. BUSH
Judge

6