# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
(Filed:  November 7, 2014)

```
* * * * * * * * * * * * *   *
STEPHANIE VINO FIGUEROA,              *
as personal representative of the estate of   *
MANNY FIGUEROA, deceased,             *
                                      *
                Petitioner,           *
                                      *
v.                                    *
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
                Respondent.           *
* * * * * * * * * * * * *   *
```

**UNPUBLISHED**


No. 10-750V

Special Master Hamilton-Fieldman

Fact Ruling; Sufficiency of Evidence;
Receipt of Vaccination; Influenza ("flu")
Vaccine; Guillain-Barré Syndrome ("GBS")

<u>Michael Benjamin Feiler</u>, Feiler & Leach, PL, Coral Gables, FL, for Petitioner.
<u>Lisa Ann Watts</u>, U.S. Department of Justice, Washington, DC, for Respondent.


## RULING REGARDING FINDING OF FACT[1]


### I.    Introduction

On November 1, 2010, Stephanie Vino Figueroa ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("the Program") on

---

[1]  Because this ruling contains a reasoned explanation for the special master's action in this case, the special master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).  All decisions and substantive rulings of the special masters will be made available to the public unless they contain trade secret or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy.  When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to redact such information before the document's disclosure.  Absent a timely motion, the decision shall be made available to the public in its entirety.  Upon the filing of a timely motion to redact, along with a proposed redacted version of the decision, if the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from the ruling made available to the public.  42 U.S.C. § 300aa-12(d)(4); Vaccine Rule 18(b).

[2]  The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

behalf of her deceased husband, Manny Figueroa.  Petitioner alleges that a trivalent influenza ("flu") vaccination that Mr. Figueroa received on October 21, 2008 caused him to develop Guillain-Barré syndrome ("GBS").  See Petition ("Pet.") at 1.  In her report filed pursuant to Vaccine Rule 4(c), Respondent argued that "petitioner has failed to demonstrate with reliable evidence that Mr. Figueroa received a flu vaccine on or about October 21, 2008."  Respondent's Rule 4 Report ("Resp't's Rep't"), filed July 9, 2014, at 14.

Because nothing in the record directly documents the administration of a flu vaccine to Mr. Figueroa in October of 2008, Petitioner filed a motion for a finding that he received the vaccine.  Petitioner's Motion for Finding of Fact Re: Vaccine ("Motion"), filed Sept. 8, 2014.  Petitioner acknowledges that there is no contemporaneous record of vaccination, but argues that there is sufficient circumstantial evidence in the record to support a finding that the vaccination took place during the time frame alleged.  Id. at 1.  In support of this argument, Petitioner has filed proposed Findings of Fact as well as declarations from Petitioner and from Ray George Bailey, a witness to the alleged vaccination.  See id.

In her Response to Petitioner's Motion, Respondent defers to the undersigned regarding "whether preponderant evidence exists to support a finding that Mr. Figueroa received a flu vaccine in late October 2008," but argues that "there is no evidence to support a vaccination date of October 21, 2008."  Response to Petitioner's Motion for Ruling that Mr. Figueroa Received a Covered Vaccine ("Response"), filed September 11, 2014, at 2.

The matter is now ripe for adjudication.  Upon consideration of the record as a whole, the undersigned finds that a preponderance of the evidence supports a finding that Mr. Figueroa received an influenza vaccination between October 22nd and November 1st, 2008.[3]

## II.    Summary of the Evidence

The undersigned has considered the entirety of the record.  § 300aa-13(a)(1).  See Paterek v. Sec'y of Health & Human Servs., 527 Fed. App'x 875, 884 (Fed. Cir. 2013) (stating that "[f]inding certain information not relevant does not lead to—and likely undermines—the conclusion that it was not considered"); see also Veryzer v. Sec'y of Health & Human Servs., 98 Fed. Cl. 214, 223 (2011) (noting that special masters are bound by both § 300aa-13(b)(1) and Vaccine Rule 8(b)(1) to consider only evidence that is both "relevant" and "reliable").  The evidence includes (1) Mr. Figueroa's medical records; (2) Petitioner's declaration; and (3) Ray George Bailey's declaration.  These sources of evidence are discussed in turn.

### A.    Mr. Figueroa's medical records

As is explained in the declarations filed on behalf of Petitioner and of Dr. Bailey, Mr. Figueroa's flu vaccine was allegedly administered during an exercise class, outside the context of a medical setting.  Accordingly, no existing medical records document administration of the

---

[3] The undersigned will not identify an exact vaccination date at this time.  If the date of vaccination becomes a pivotal issue as the case proceeds, the undersigned will made additional findings.

vaccine.  The first documented medical appointment after the alleged vaccination was on November 10, 2008, when Mr. Figueroa presented to Dr. Jorge Fleites, his primary care physician, complaining of difficulty swallowing and facial paralysis.  Petitioner's Exhibit ("Pet. Ex.") 2 at 244.  However, there is no mention of the vaccination during this visit.

On the same day as his appointment with Dr. Fleites, November 10, 2008, Mr. Figueroa presented to the Baptist Hospital emergency room with complaints of facial weakness and was admitted.  Pet. Ex. 1 at 44-45.  The first clear reference to vaccination is documented in a handwritten neurology progress report, dated November 11, 2008, while he was hospitalized.  Id. at 77.  According to the progress report, Mr. Figueroa received a flu shot "2 weeks ago."  Id.  A similar note appears the next day, on November 12, 2008, following Mr. Figueroa's infectious disease consult with Dr. H. Barry Baker.  Id. at 65.  During the consult, Mr. Figueroa was noted to have had a flu shot "about two weeks ago."  Id.  Upon discharge from Baptist Hospital on November 12, 2008, Mr. Figueroa was again noted to have had a flu shot "2 weeks ago."  Id. at 49.

Following his release from Baptist Hospital, Mr. Figueroa was treated by neurologist Ashok Verma, who, on November 17, 2008, noted that Mr. Figueroa received a flu shot "[t]hree weeks ago."  Pet. Ex. 3 at 337.  Immediately after his first appointment with Dr. Verma, on November 17, 2008, Mr. Figueroa was admitted to Jackson Memorial Hospital ("JMH") to undergo IVIG therapy.  Pet. Ex. 9 at 430.  According to the November 18, 2008 and November 19, 2008 progress notes from JMH, Mr. Figueroa was noted to have "had flu vaccination approximately 3 weeks ago, and he began bifacial weakness 10 days ago."  Id. at 436, 525.  The November 22, 2008 JMH discharge summary also noted that Mr. Figueroa "received flu vaccination approximately 3 weeks ago."  Id. at 428.

At a follow-up visit with Dr. Verma on December 10, 2008, Dr. Verma again noted that Mr. Figueroa had "received a flu shot about 7 weeks ago."  Pet. Ex. 3 at 335.  At a subsequent follow-up on January 21, 2009, Dr. Verma appears to have erroneously noted that Mr. Figueroa's "acute neuropathic deficit," which occurred in November 2008, was preceded by "cold and flu –like symptoms" a few weeks prior.  Pet. Ex. 3 at 334.  Dr. Verma appears to have crossed out the "cold and flu-like symptoms" language and replaced it with the term "flu shot," as noted in a copy of the actual record, below:

Correction
Shot

AV
2/4

Today I had the pleasure of seeing Mr Manuel Figueroa in neurology clinic follow-up.  He is 59 years of age with a history of Miller-Fisher syndrome phenotype of AIDP in November 2008.  His acute neuropathic deficit was preceded by cold and flu-like symptoms a few weeks before.  At the peak of symptoms, he had bifacial paralysis, right sixth cranial nerve paralysis and areflexia.  Other than some shakyness of limbs the strength was normal.  He at that time was hospitalized at Jackson Memorial Hospital, and he received 5-day intravenous immunoglobulin therapy.  The disease process was arrested the same week.

Id.

3

The last documented visit with Dr. Verma occurred on May 22, 2009.  Pet. Ex. 3 at 333.
Dr. Verma again noted that Mr. Figueroa "had had a flu shot 2 weeks before the onset of his
neuropathic deficit."  Id.

### B.   Declaration of Ray George Bailey, M.D.

In his declaration, Dr. Bailey states that Mr. Figueroa's physician, Dr. Jose Delgado, was
a close friend of his and of Mr. Figueroa's, and that Dr. Delgado and Mr. Figueroa attended
spinning classes together.  Dr. Bailey's Declaration ("Decl.") at 1.  "In approximately late
October of 2008, Dr. Delgado, at Mr. Figueroa's request, brought a flu shot with him to spinning
class and gave him the flu shot before class."  Id.  "It was shortly thereafter that Mr. Figueroa fell
ill, exhibiting odd neurological symptoms, which as I understand turned out to be Miller Fisher
syndrome."  Id.

### C.   Petitioner's Declaration, dated September 23, 2014[4]

Petitioner's affidavit looks almost identical to Dr. Bailey's affidavit.  Petitioner states
that, "[i]n approximately late October of 2008," she recalls Mr. Figueroa telling her that "Dr.
Delgado, at Mr. Figueroa's request, brought a flu shot with him to spinning class and gave him
the flu shot before class."  Petitioner's Decl. at 1.  "It was shortly thereafter that Mr. Figueroa fell
ill, exhibiting odd neurological symptoms, which as I understand turned out to be Miller Fisher
syndrome."  Id. at 1-2.

## III.   Applicable Legal Standards

Under the Vaccine Act, Petitioner must first prove by a preponderance of the evidence
that Mr. Figueroa "received a vaccine set forth in the Vaccine Injury Table." § 300aa-
11(c)(1)(A).  The preponderance of the evidence standard means a fact is more likely than not.
Moberly v. Sec'y of Health & Human Servs., 592 F.3d 1315, 1322 n.2 (Fed. Cir. 2010).

Vaccine Rule 2(c)(2)(A) requires petitioners to file "all available medical records
supporting the allegations in the petition, including physician and hospital records relating to …
the vaccination itself."  "If the required medical records are not submitted, the petitioner must
include an affidavit detailing the efforts made to obtain such records and the reasons for their
unavailability."  Vaccine Rule 2(c)(2)(B)(i).  Furthermore, if a petitioner's claim "does not rely
on medical records alone but is also based in any part on the observations or testimony of any
person, the petitioner should include the substance of each person's proposed testimony in a
detailed affidavit(s) supporting all elements of the allegations made in the petition."  Vaccine
Rule 2(c)(2)(B)(ii).

Thus, although contemporaneous documentation of vaccination from a health care
provider is the best evidence of vaccine administration, its production is not an absolute

---

[4] In fact, no date appears next to Ms. Figueroa's signature.  The undersigned will assume,
for the purposes of this ruling, that the declaration was signed on the day that it was filed.

requirement.  See <u>Centmehaiey v. Sec'y of Health & Human Servs.</u>, 32 Fed. Cl. 612, 621 (1995) ("The lack of contemporaneous, documentary proof of a vaccination . . . does not necessarily bar recovery.").  Indeed, special masters have found in favor of vaccine administration where contemporaneous documentation of vaccination is unavailable as long as other forms of evidence have provided preponderant evidence of vaccination administration.  For example, corroborative, though retrospective, medical notations have been found to provide preponderant evidence of vaccine administration.  See <u>Wonish v. Sec'y of Health & Human Servs.</u>, No. 90-667V, 1991 WL 83959, at *4 (Fed. Cl. Spec. Mstr. May 6, 1991); <u>Groth v. Sec'y of Health & Human Servs.</u>, No. 00-287V, 2006 WL 3342222, at *2 (Fed. Cl. Spec. Mstr. Oct. 30, 2006) (finding a treating physician's note "4/30/97-Hep B. inj. # 1 (not given here) ([patient] wanted this to be charted)" to be sufficient proof of vaccination); <u>Lamberti v. Sec'y of Health & Human Servs.</u>, No. 99-507V, 2007 WL 1772058, at *7 (Fed. Cl. Spec. Mstr. May 31, 2007) (finding multiple medical record references to vaccine receipt to constitute preponderant evidence of administration).

## IV.    Evaluation of the Evidence

The undersigned has considered the entire record.  § 300aa-13(a)(1).  Although there is no contemporaneous documentation of a flu vaccination, subsequent medical records consistently report that a flu vaccination was administered to Mr. Figueroa between October 22, 2008 and Saturday, November 1, 2008.

The first clear reference to a vaccination date was recorded on November 11, 2008, two to three weeks after the alleged vaccination date, as part of a handwritten neurology progress report at Baptist Hospital.  Pet. Ex. 1 at 77 (reporting vaccination "2 weeks ago").  According to this report, the vaccination date was approximately October 28, 2008.  The undersigned finds that this record constitutes trustworthy evidence, as it documents a report Mr. Figueroa made to a health care professional for the purpose of facilitating diagnosis and treatment of his condition.  See <u>Cucuras v. Sec'y of Health & Human Servs.</u>, 993 F.2d 1525, 1528 (Fed. Cir. 1993) (holding that contemporaneous records "warrant consideration as trustworthy evidence" because the information from the patient is related to the treaters to facilitate diagnosis and treatment, and with proper treatment hanging in the balance, accuracy has an extra premium."); <u>Beckner v. Sec'y of Health & Human Servs.</u>, No. 11-668V, 2013 WL 3353993, at *7 (Fed. Cl. Spec. Mstr. April 25, 2013) (making a finding regarding a date of vaccination based on a similar assessment).  The undersigned also finds that this report was made close enough to the alleged date of vaccination that misremembering is unlikely.  See <u>id.</u>

None of the other medical records filed by Petitioner contradict the vaccination date referenced in the November 11, 2008 report, and they all place the date of vaccination within a week of October 28, 2008.  The declarations filed on behalf of Petitioner and Dr. Bailey are similarly corroborative.

## V.    Conclusion

In accordance with the foregoing, the undersigned finds that Petitioner has provided preponderant evidence that Mr. Figueroa received a flu vaccine between October 22nd and November 1st, 2008.  A status conference will be scheduled to discuss further proceedings.

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master