# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 10-750V
**Filed: February 23, 2015**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
STEPHANIE VINO FIGUEROA, as      \*
Personal representative of the estate of      \*
MANNY FIGUEROA, deceased,      \*
     \*
           Petitioner,      \*
     \*
v.      \*
     \*
SECRETARY OF HEALTH      \*
AND HUMAN SERVICES,      \*
     \*
           Respondent.      \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

UNPUBLISHED

Special Master Hamilton-Fieldman

Joint Stipulation on Damages;
Influenza ("Flu") Vaccine; Guillain-
Barré syndrome ("GBS"); Miller
Fisher syndrome ("MFS").

Michael B. Feiler, Feiler & Leach, P.L., Coral Gables, FL, for Petitioner.
Lisa A. Watts, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On November 1, 2010, Stephanie Figueroa ("Petitioner") filed a petition on behalf of her deceased husband, Manny Figueroa, pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that Manny Figueroa suffered from the Miller Fisher variant of Guillain-Barré syndrome ("GBS") as a result of the

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

administration of an influenza ("flu") vaccine on October 21, 2008.[3]

On February 23, 2015, the parties filed a stipulation in which they state that a decision should be entered awarding compensation.

Respondent denies that the flu vaccine caused Mr. Figueroa's Miller Fisher syndrome ("MFS"), GBS, or any other injury, or was a substantial factor in the cause of his death. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

**A lump sum of $175,000.00, in the form of a check payable to Petitioner as personal representative of the estate of Manny Figueroa. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

Stipulation ¶ 9.

The undersigned approves the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] The medical records are unclear as to the precise date of vaccine administration. On November 7, 2014, the undersigned ruled that the flu vaccine had been administered between October 22, 2008 and November 1, 2008. See Ruling Regarding Finding of Fact, filed November 7, 2014, at 5.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| STEPHANIE VINO FIGUEROA, as personal representative of the estate of MANNY FIGUEROA, deceased, | ) <br> ) <br> ) <br> )    **ECF** <br> Petitioner,      ) <br> ) <br> v.      )    No. 10-750V <br> )    Special Master <br> SECRETARY OF HEALTH AND HUMAN   )    Lisa Hamilton-Fieldman <br> SERVICES,      ) <br> ) <br> Respondent.      ) <br> ) |

STIPULATION

The parties hereby stipulate to the following matters:

1. Stephanie Vino Figueroa ("petitioner"), as personal representative of the estate of Manny Figueroa ("Mr. Figueroa"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Mr. Figueroa's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. Figueroa received the flu vaccine between October 22, 2008 and November 1, 2008.[1]

3. The vaccine was administered within the United States.

4. Petitioner alleges that Mr. Figueroa suffered from Miller Fisher syndrome ("MFS"), a variant of Guillain-Barré syndrome ("GBS"), which was caused-in-fact by the flu vaccine.

---

[1] See Ruling Regarding Finding of Fact, Figueroa v. HHS, No. 10-750V, slip. op. (Fed. Cl. Spec. Mstr. Nov. 7, 2014).

Petitioner further alleges that Mr. Figueroa suffered the residual effects of his injuries for more than six months.

5. Mr. Figueroa died on April 16, 2010, from pancreatic cancer. Petitioner does not allege that a vaccine-related injury caused, or substantially contributed to, Mr. Figueroa's death.

6. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Figueroa's estate as a result of Mr. Figueroa's alleged vaccine-related injury.

7. Respondent denies that the flu vaccine caused Mr. Figueroa's MFS, GBS, or any other injury, or was a substantial factor in the cause of his death.

8. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 9 of this Stipulation.

9. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $175,000.00 in the form of a check payable to petitioner as personal representative of the estate of Manny Figueroa. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

10. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

11. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C.§ 1396 et seq.)), or entities that provide health services on a prepaid basis.

12. Payment made pursuant to paragraph 9, and any amounts awarded pursuant to paragraph 10 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

13. Petitioner represents that she is duly authorized to serve as the personal representative of the estate of Manny Figueroa under the laws of the State of Florida. If petitioner is not authorized by a court of competent jurisdiction to serve as the personal representative of Manny Figueroa's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as the personal representative of the estate of Manny Figueroa upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 9 and 10, petitioner, in her individual capacity, and as the personal representative of the estate of Manny Figueroa, on her own behalf and on behalf of Mr. Figueroa's heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine

3

Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Figueroa resulting from, or alleged to have resulted from, the flu vaccine administered between October 22, 2008 and November 1, 2008, as alleged by petitioner in a petition for vaccine compensation filed on November 1, 2010, in the United States Court of Federal Claims as petition No. 10-750V.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 10 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Figueroa's MFS, GBS, or any other injury, or substantially contributed to his death.

18. All rights and obligations of petitioner in her capacity as personal representative of the estate of Manny Figueroa shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*Stephanie Vino Figueroa*

STEPHANIE VINO FIGUEROA

ATTORNEY OF RECORD FOR
PETITIONER:

MICHAEL B. FEILER, ESQUIRE
FEILER & LEACH, P.L.
901 Ponce De Leon Blvd., Penthouse Ste.
Coral Gables, FL 33134-3009
Tel: (305) 441-8818

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*Vincent J. Matanoski*
*by Catharine E.*

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC  20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

LISA A. WATTS
Senior Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4099

DATE: 2/23/2015