# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 10-750V
### Filed: February 24, 2015

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| STEPHANIE VINO FIGUEROA, as | \* | UNPUBLISHED |
| Personal representative of the estate of | \* | |
| MANNY FIGUEROA, deceased, | \* | Special Master Hamilton-Fieldman |
| | \* | |
| Petitioner, | \* | |
| | \* | Attorneys' Fees and Costs; |
| v. | \* | Reasonable Amount Requested to |
| | \* | which Respondent Does Not Object. |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Michael B. Feiler, Feiler & Leach, P.L., Coral Gables, FL, for Petitioner.
Lisa A. Watts, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On November 1, 2010, Stephanie Figueroa ("Petitioner") filed a petition on behalf of her deceased husband, Manny Figueroa, pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006).  Petitioner alleged that Manny Figueroa suffered from the Miller Fisher variant of Guillain-Barré syndrome ("GBS") as a result of the

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

administration of an influenza ("flu") vaccine on October 21, 2008.[3]  On February 23, 2015, the undersigned issued a decision awarding compensation to Petitioner.

On February 23, 2015, the parties filed a stipulation regarding attorneys' fees and costs. The parties have agreed to an award of $110,000.00 for attorneys' fees and costs.  In accordance with General Order Number 9, Petitioner represents that she has not personally incurred any expenses in pursuit of her claim.  See Petitioner's General Order #9 Statement, filed February 24, 2015.

The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim.  Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1).  Further, the proposed amount seems reasonable and appropriate.  **Accordingly, the undersigned hereby awards the amount of $110,000.00, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Michael Feiler, of the law firm of Feiler & Leach, P.L.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] The medical records are unclear as to the precise date of vaccine administration.  On November 7, 2014, the undersigned ruled that the flu vaccine had been administered between October 22, 2008 and November 1, 2008.  See Ruling Regarding Finding of Fact, filed November 7, 2014, at 5.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.